The facts were agreed on, and it was also agreed that if his Honor should think that upon the facts the plaintiff was entitled to recover, the jury should return a verdict in his favor for the value of the mare; otherwise the verdict was to be rendered for the defendant. The facts as agreed on were these: One Bryant, being much indebted, made a deed to the plaintiff, conveying, among other things, an old gray horse, in trust to sell and pay certain debts therein mentioned. This deed in trust was duly registered; the property was left in the possession of Bryant until the day of sale. Soon after the registration of the deed, Bryant exchanged the gray horse for a brown mare, and brought the mare home, and immediately informed the plaintiff of the exchange, and he, *Page 216 
thinking it was a good swap, ratified and agreed to it. The defendant, a few days afterwards, levied on the mare under executions which he had in his hands as an officer against Bryant, and sold her at public sale. Before the levy the defendant was notified of all the above facts; and the sale was forbid by the plaintiff, who claimed the mare in place (272) of the horse mentioned in the deed of trust. The question was whether the plaintiff could recover the value of the brown mare. His Honor, being of opinion that he could, a verdict for the plaintiff was returned by the jury and the defendant appealed.
The court does not perceive any objection to the plaintiff's recovery. The defendant imputes no fraudulent purpose to the deed, to the possession remaining with the debtor, nor to the ratification of the exchange of horses by the trustee. Supposing all those acts done with an honest intent — and there is no evidence or suggestion to the contrary — the title of the horse sued for vested in the plaintiff immediately upon his assent to the swap. As trustee he may incur a responsibility to the creditors by thus dealing with the trust property; but that cannot, in a court of law, effect his legal right to sell or otherwise dispose of the effects conveyed to him. It seems to be supposed, however, that it amounts to an evasion of the statutes requiring the registry of deeds of trust, since the deed will embrace one article and the debtor will be found in possession of another. How far that may go as an argument of fraud from the deception on creditors to which it tends, or which was actually practiced on the execution creditor in this case it is not for us now to say. Our province at present is simply to inquire whether a trustee be not in any case permitted bona fide to constitute the debtor his agent to sell or exchange an article of the trust property. That he may, we cannot doubt. If the authority precede the disposition, it is clear he may, for then the property never vests even apparently, or for a moment in the debtor; but the contract is made in the name, and on behalf of the trustee, to whom the property passes directly from the former owner. In the case before us the result is the same. The ratification is not merely pretended, but is stated as a real and honest one; immediately following the exchange, beneficial to the trust fund, and before the levy of any execution or other lien, or interest gained by another creditor. The assent of the plaintiff thus given, it would seem, as against (273) the agent or those claiming as his creditors, must have vested the *Page 217 
property in the plaintiff, if not from the exchange itself, from its ratification; and the last is sufficient for the plaintiff, as that preceded the lien of the execution under which the defendant alleges a justification.
PER CURIAM. Judgment affirmed.
Dist.: Sharpe v. Pearce, 74 N.C. 603.